# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In Re:<br>Douglas Kevin Smith,<br>　　　*Debtor*. | § § § § § § | Chapter 7<br><br>CASE NO. 5:21-50519-RBK |
| Douglas Kevin Smith,<br>　　　*Plaintiff*,<br>v.<br>Salubrio, LLC,<br>　　　*Defendant*. | § § § § § § § § § | ADV. PROC. NO. 21-5084-RBK |
| Douglas Kevin Smith,<br>　　　*Appellant*,<br>v.<br>Eric B. Terry, Chapter 7 Trustee,<br>　　　*Appellee*. | § § § § § § § § § | CIVIL ACTION NO. 21-CV-1135-XR |

## ORDER

On this date, the Court considered Appellee Eric Terry's motion to dismiss (ECF No. 5), Appellant Douglas Kevin Smith's response (ECF No. 8), Appellee's reply (ECF No. 9), and Appellant's surreply (ECF No. 10). After careful consideration, the Court **DENIES** Appellee's motion.

## BACKGROUND

Appellee Eric Terry is the Chapter 7 Trustee ("Trustee") of debtor Salubrio, LLC's bankruptcy estate in the bankruptcy case styled *In re Salubrio, LLC*, No. 20-50578-rbk, in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division. ECF No. 5 at 2. On July 23, 2021, debtor Douglas Kevin Smith, M.D. ("Smith") filed a Complaint, initiating

1

Adversary Proceeding No. 21-5084-rbk against Salubrio, LLC. *Id.* On October 1, 2021, Trustee filed a Rule 12(b)(6) Motion to Dismiss Smith's Complaint, which the Bankruptcy Court granted after an oral hearing on November 2, 2021, with both Trustee and Smith present. *Id.*

On November 16, 2021, Smith timely appealed the Bankruptcy Court's order granting Trustee's Rule 12(b)(6) motion to dismiss. *Id*. On December 20, 2021, Smith filed an updated Designation of Items to be Included in the Record on Appeal ("Designation"), ECF No. 4, and a Statement of Issues ("Statement"), ECF No. 3. Smith filed the Designation and Statement after the 14-day filing period prescribed by Federal Rule of Bankruptcy Procedure 8009(a) and without leave of court. *See* ECF Nos. 2-1, 3, 4. Trustee subsequently filed the instant motion to strike Smith's late-filed designations of record and statement of issues on appeal and to dismiss the appeal, arguing that Smith's failure to file the designation and statement within the 14-day window allowed under Rule 8009(a)(1)(B)(ii) or seek leave of court warrants dismissal. ECF No. 5.

## DISCUSSION

### I.   Legal Standard

Federal Rule of Bankruptcy Procedure 8009 requires an appellant to file and serve a designation of items to be included in the record on appeal and statement of issues to be filed within 14 days of the notice of appeal. FED. R. BANKR. P. 8009(a)(1). Additionally, an appellant may seek leave of court to file the record or statement of issues if they are not timely designated. *Id*. at 8009(e)(2)(C). "The purpose of the record designation requirement is to provide the reviewing court with an adequate basis for evaluating the appellant's claims on appeal." *In re CPDC, Inc.*, 221 F.3d 693, 698 (5th Cir. 2000). Appellant carries the burden of creating an adequate record, and he may not argue an issue on appeal if he has failed to provide the appellate

court with an adequate record. *Id*. Additionally, the principal purpose of the statement of issues is to identify the portions of the testimony that should be included in the record on appeal. *Id*.

Federal Rule of Bankruptcy Procedure 8003(a)(2) states: "An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court or [bankruptcy appellate panel] to act as it considers appropriate, including dismissing the appeal." FED. R. BANKR. P. 8003(a)(2). The language of the rule makes clear that only the failure to file a notice of appeal, which deprives the reviewing court of jurisdiction, mandates dismissal. *In re CPDC*, 221 F.3d at 698. For breaches of other procedural rules, the district court must exercise discretion and consider what sanctions are appropriate. *Id*. at 699. "Dismissal is a harsh and drastic sanction that is not appropriate in all cases, even though it lies within the district court's discretion." *Id*. Dismissal is not justified in the absence of evidence of prejudice or dilatory conduct and when the purpose of Rule 8009 has been satisfied. *Id*. at 701.

**II.    Analysis**

Trustee does not argue that he has suffered any prejudice because of Smith's late filings of the Designation and Statement. Nor does Trustee argue that Smith's late filings were the result of dilatory conduct. Instead, Trustee argues that Smith, being well-acquainted with filing bankruptcy appeals in the Western District of Texas, has adequate notice of the procedural requirements of pursuing his appeal and thus is not entitled to leniency on this matter.

To be sure, Trustee is correct in stating that Smith is familiar with this Court's procedural requirements for bankruptcy appeals and, specifically, Bankruptcy Rule 8009. This Court has previously dismissed at least one similar appeal from Smith for failure to comply with Bankruptcy Rule 8009. *See In re Salubrio, LLC*, No. 5:21-CV-1215-XR, 2022 WL 607878 (W.D. Tex. Mar. 1, 2022). There, Smith failed to designate a record or provide a statement of issues *at any point*,

3

and this Court had "no way to determine on what basis the bankruptcy court denied Smith's motion to dismiss." *Id*. (citations omitted).

Here, however, Smith did ultimately designate a record on appeal and statement of issues, albeit several weeks late and without seeking leave of court. Thus, this Court has an adequate basis for evaluating Smith's claims on appeal and the purpose of Rule 8009 is satisfied. And although Smith is well-acquainted with bankruptcy appellate procedure, courts "apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Absent any showing of prejudice against Trustee as a result of the untimely filings or dilatory conduct by Smith, dismissal is unwarranted.

## CONCLUSION

For the reasons stated, Trustee's motion to dismiss (ECF No. 5) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 27th day of May, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE